UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeffrey Nadeau,                                  Case No. 3:12-cv-01298

           Plaintiff

v.                                            MEMORANDUM OPINION
                                                     AND ORDER

John J. Nye,

           Defendant

## INTRODUCTION

This matter is before me on the motion of Defendant John J. Nye to dismiss Plaintiff Jeffrey Nadeau's complaint pursuant to Rules 12(b)(1), 12(b)(6), and 12(c). (Doc. No. 12). Nadeau filed a brief in opposition. (Doc. No. 13). Nye has filed a brief in reply. (Doc. No. 14). For the reasons stated below, Nye's motion is granted.

## BACKGROUND

Nadeau is a tow truck operator employed by Zach's Recycling, LLC. (Doc. No. 1 at 4). Nye was the elected sheriff in Henry County during the time period at issue. (Doc. No. 1 at 2). Many law enforcement agencies, including the Henry County, Ohio, Sheriff's Department, maintain a list of towing and wrecker services whom they contact when a motor vehicle accident results in a disabled vehicle. Zach's Recycling was one of a number of towing companies on the Henry County Sheriff's Department rotation list. (Id. at 4). Nadeau asserts Nye informed one of the owners of Zach's Recycling that Nye would have Nadeau arrested if he responded to a call for service through the Henry County Sheriff's Department. (Id.). Nye allegedly made this threat in retaliation for

complaints Nadeau made to the Henry County Prosecutor's Office in years prior about the disproportionate allocation of towing calls to a towing company "which Plaintiff Nadeau had identified as providing gifts and favors to the Henry County Sheriff's Department." (Id. at 3).

Nadeau seeks to recover, pursuant to 42 U.S.C. § 1983, for alleged violations of his due process and equal protection rights under the Fifth and Fourteenth Amendments. He also alleges he is entitled to recover for tortious interference with an employment relationship pursuant to Ohio law.

## STANDARD

It is axiomatic that a court at all times must have jurisdiction over the subject matter at issue in order to hear a case. Fed. R. Civ. Pro. 12(b)(1), 12(h)(3). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally come in two varieties: a facial attack or a factual attack. A facial attack . . . questions merely the sufficiency of the pleading." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citations omitted). If a jurisdictional challenge "raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.* If, as is the case here, "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should 'find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim.'" *Id.* (emphasis removed); *see also Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 443-44 (6th Cir. 2006) (noting the Supreme Court has instructed lower courts "to assume jurisdiction when statutory standing and merits questions converge." (citing *Bell v. Hood*, 327 U.S. 678, 681-82 (1946))).

In deciding a motion to dismiss under Rule 12(b)(6), a trial court's function is to test the legal sufficiency of the complaint. A motion asserting failure to state a claim upon which relief can be granted "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. Pro.

2

12(b). A defendant may assert the plaintiff failed to state a claim upon which relief can be granted, however, by a motion under Rule 12(c). Fed. R. Civ. Pro. 12(h)(2)(B).

After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. Fed R. Civ. Pro. 12(c). Motions for judgment on the pleadings are analyzed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008). In ruling on a motion for judgment on the pleadings, a court "must construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine when the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). A court "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007). A complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

## ANALYSIS

Nye argues there is no federal subject matter jurisdiction over Nadeau's claims because Nadeau fails to allege property and liberty interests that "merit constitutional attention . . . ." (Doc. No. 12). It is true that a federal court must have subject matter jurisdiction over a case before it may determine "whether the complaint states a cause of action [for] which relief could be granted . . . ." *Bell*, 327 U.S. at 682. If, however, the jurisdictional basis is tied up in one or more of the elements of a cause of action, a court should conclude "jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330. Nadeau seeks to recover for the alleged violation of his federal constitutional rights pursuant to a federal statute – § 1983 – and Nye's factual attack on the basis for subject matter jurisdiction "is intertwined with the merits of

3

[Nadeau's] claim." *Id.* at 331. Under these circumstances, I will review Nye's motion to dismiss pursuant to Rule 12(c) rather than Rule 12(b)(1). *See id.* at 330 (noting Rule 12(b)(6) "provides a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim . . ." (citations and internal quotation marks omitted)).

**A. Procedural Due Process**

Nadeau asserts Nye denied him procedural due process "by threatening to arrest [him] for no reason other than to deprive him of an employment opportunity" and in doing so "wrongfully deprived [him] of his property and liberty interests without due process of law as required by the Fourteenth Amendment . . . ." (Doc. No. 1 at 5-6). Nye argues Nadeau has not established a "property or liberty interest sufficient to invoke constitutional protection" and as a result, Nadeau cannot assert a claim for violation of his right to procedural due process. (Doc. No. 12-1 at 11).

"In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law.*" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original); *see also Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons . . . from the mistaken or unjustified deprivation of life, liberty, or property."). While a constitutional violation "is not complete unless and until the State fails to provide due process," a plaintiff also must prove he in fact has been deprived of a constitutionally protected interest. *Zinermon*, 494 U.S. at 126.

In his complaint, Nadeau frames Nye's threat as designed "to deprive him of an employment opportunity." (Doc. No. 1 at 5). Nye asserts this does not rise to the level of a constitutional violation because Nadeau has not been discharged from his job and does not allege he is precluded from working as a tow truck driver. (Doc. No. 12-1 at 5). In response, Nadeau attempts to redefine the fundamental right allegedly infringed, as he asserts Nye's interference with Nadeau's employment "was accomplished through a restriction on travel." (Doc. No. 13 at 7). Nadeau claims

4

Nye has violated his procedural due process rights in restricting Nadeau's fundamental right to travel locally through public spaces and roadways without proper notice or a hearing. (Id.).

Nadeau's redefinition lacks factual and legal support and therefore is unpersuasive. The complaint contains no allegations regarding restrictions on Nadeau's right to travel public roads. Viewing the allegations in the complaint in a light most favorable to the plaintiff, the nature of the alleged threat does not support the new interpretation Nadeau attempts to portray. Nadeau alleges Nye threatened to have Nadeau arrested if Zach's Recycling used him "as a wrecker driver on any towing calls . . . through the Henry County Sheriff's Department . . . ." (Doc. No. 1 at 4). As Nadeau describes the threat, Nye did not threaten to arrest Nadeau for driving by an accident site in his personal vehicle, or if he stopped to assist other motorists after witnessing an accident to which the Henry County Sheriff's Department ultimately responded. Rather, Nye threatened to arrest Nadeau if he responded to the scene of the accident as a tow truck driver – i.e. as an employee of Zach's Recycling.[1] The potential property or liberty interest the threat implicates involves employment, and not the right to travel.

Nye asserts Nadeau's procedural due process rights were not violated because (1) there is no constitutional property interest in continued employment in an at-will position and (2) a person's liberty interest in pursuing his occupation is infringed only when the actor "effectively precludes the plaintiff from practicing his trade with all employers or customers." (Doc. No. 12-1 at 7). Nye notes that Nadeau acknowledges he continues to be employed by Zach's Recycling. (Id. at 5). Nye also argues while the threat may have prohibited Nadeau from responding to calls from the Henry County Sheriff's Department, it did not prevent him from responding to "calls from all other law

---

[1] Nadeau claims he "believes he is prevented from applying for other employment because no wrecker operation will hire him and risk the loss of Henry County Sheriff's Department rotational calls." (Doc. No. 1 at 5). Nadeau offers no evidence in support of this belief, such as any attempts to obtain other employment. Further, given that Nye was defeated in the most recent election for Henry County Sheriff, any claim for future harm is moot, as any personal animus Nye may harbor toward Nadeau no longer has the imprimatur of state action.

enforcement agencies, trucking companies, any organizations with whom Zack's [Recycling] has a contract and the private sector if his employer dispatches him." (Id. at 4).

A property interest in employment may be created by contract, whether express or implied. *See Bishop v. Wood*, 426 U.S. 341, 344 (1976). An employee, however, "does not have a property interest in continued employment when his position is held at the will and pleasure of his superiors and when he has not been promised that he will only be terminated for good cause." *Chilingirian v. Boris*, 882 F.2d 200, 203 (6th Cir. 1989). Ohio "has long recognized the right of employers to discharge employees at will." *Mers v. Dispatch Printing Co.*, 483 N.E.2d 150, 153 (Ohio 1985). The only recognized exception in Ohio to the at-will employment doctrine arises when an employee has been discharged "in contravention of a 'sufficiently clear public policy.'" *Painter v. Graley*, 639 N.E.2d 51, 55 (Ohio 1994) (quoting *Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981, 986 (Ohio 1990)).

Nadeau's allegations point to a potential property interest of a lesser sort – an interest in working as a tow truck driver on calls from the Henry County Sheriff's Department. He fails to allege facts sufficient to support the existence of such an interest. Zack's Recycling hired Nadeau as an hourly employee. The fact that Zack's Recycling was on the Henry County Sheriff's Department rotation list does not "create a property interest in [specific duties in] an otherwise at-will position . . . ." *Jackson v. Heh*, 215 F.3d 1326, at *5 (6th Cir. 2000) (unpublished table decision); *see also Lucas v. Monroe County*, 203 F.3d 964, 978 (6th Cir. 2000) (upholding the district court's conclusion the plaintiffs did not have a property interest in remaining on a county stand-by tow call list because the plaintiffs could "point to no ordinance, contract or other 'rules of mutually explicit understandings'" in support of their claim).

Nye points to numerous opinions from within the Sixth Circuit in which the court concluded the plaintiff did not have a property interest in performing services on behalf of a public entity. *See, e.g., Med Corp, Inc. v. City of Lima*, 296 F.3d 404 (6th Cir. 2002) (affirming district court's

conclusion that plaintiff did not have a property interest in receiving 911 dispatches from defendants because "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary"); *Midwest Towing & Recovery, Inc. v. City of Lancaster*, No. 2:09-cv-1142, 2011 WL 249467, at *7-8 (S.D. Ohio Jan. 26, 2011) (plaintiff's removal and continued exclusion from a towing rotation list was not actionable under § 1983 because plaintiff was not "entitled to, [and did not have] a property right in, towing services performed at the direction of the City"); *Lucas*, 203 F.3d 964.

The Sixth Circuit's analysis and conclusion in *Lucas* is particularly instructive here. In *Lucas*, the court "affirmed the dismissal of several wrecker companies' due process claims, which alleged that the county sheriff had improperly removed the companies from the county's rotational dispatch list after owners voiced complaints charging that the sheriff was administering the list in a corrupt manner." *Med Corp.*, 296 F.3d at 410 (summarizing the earlier holding in *Lucas*, 203 F.3d at 978). Nadeau offers only the general allegation that "calls for needed towing services are made by law enforcement agencies in Henry County, Ohio, according to their jurisdictional limits and are supposed to be apportioned on a rotation basis to towing and wrecker services listed on the lists maintained by each law enforcement agency." (Doc. No. 1 at 2). In order for his claim to survive Nye's motion to dismiss, Nadeau must offer factual allegations sufficient to give rise to a plausible claim that he at least has a property interest, "a legitimate claim of entitlement," in being assigned by Zach's Recycling as a tow truck driver on service calls from the Henry County Sheriff's Department. *See Lucas*, 203 F.3d at 978. Instead, he can assert only "[t]he mere unilateral expectation of continuing to receive a benefit [and this] is not enough to create a protected property interest . . . ." *Id.* Nye's threat is disturbing and highly inappropriate behavior for a government official. That threat alone, however, cannot create a property interest where one did not exist before.

Nadeau also fails to demonstrate Nye "violated his constitutionally protected liberty interest in pursuing his occupation . . . ." *Jackson*, 215 F.3d 1326 at *6. "Freedom to pursue gainful

7

employment is . . . a liberty interest deserving of due process protections." *Dean v. McWherter*, 70 F.3d 43, 45 (6th Cir. 1995) (citing *Board of Regents v. Roth*, 408 U.S. 564, 573-74 (1972)). "[T]he loss of one job and certain future opportunities [however] does not constitute deprivation of a protected liberty interest. Indeed it is only where the defendant's action effectively precludes the plaintiff from practicing his trade with all employers or customers that the plaintiff's liberty interest in pursuing his occupation is infringed." *Jackson*, 215 F.3d 1326 at *6 (citations omitted). Nye is correct in asserting Nadeau has not been "deprived of a liberty interest in his occupation[,] because he could still perform services for private clients" as well as other government agencies *Id.* (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 938 (5th Cir. 1995)). Nadeau cannot state a claim for violation of his procedural due process rights, and Nye is entitled to judgment as a matter of law pursuant to Rule 12(c).

### B. Substantive Due Process

Nadeau asserts he "has set out sufficient grounds for a substantive due process violation of both a federally protected interest and through presentation of facts showing a government official [used] his authority in an illicit fashion to the extent it shocks the conscience." (Doc. No. 13 at 14). "Violations of substantive due process are . . . divided into two kinds: (1) deprivation of a particular constitutional guarantee and (2) actions that government officials may not take no matter what procedural protections accompany them, alternatively known as actions that 'shock the conscience.'" *Braley v. City of Pontiac*, 906 F.2d 220, 224-225 (6th Cir. 1990) (citations omitted). As I already have concluded Nadeau fails to demonstrate the "deprivation of a particular constitutional guarantee," his substantive due process claim may survive Nye's motion to dismiss only under the "shock-the-conscience" doctrine. *See also Wright v. Genesee Cnty. Corp.*, 659 F. Supp.2d 842, 850 (E.D. Mich. 2009) (rejecting plaintiffs' substantive due process claim because "no alleged acts by the Defendants prevented the Plaintiffs from pursuing other towing contracts.")

Nadeau argues Nye acted with animus in threatening to arrest him if he responded to a rotation call from the Henry County Sheriff's Department. (Doc. No. 13 at 12). Nadeau asserts he "had every reason to believe Nye would exercise the same threat against him if he attempted to change employers," and contends "the apparent [coercive] motive behind the [threat] is sufficient to shock the conscience." (Id. at 13-14). In *Braley v. City of Pontiac*, however – the primary case upon which Nadeau relies to support this contention – the Sixth Circuit noted "[m]ost cases alleging police conduct that shocks the conscience have involved allegations of excessive force or physical brutality" and expressed "doubt [regarding] the utility of such a standard outside the realm of physical abuse . . . ." *Braley*, 906 F.2d at 226. Subsequently, the Sixth Circuit declined to apply the shock-the-conscience doctrine in a case that did not involve physical abuse, *Mansfield Apt. Owners Ass'n v. City of Mansfield*, 988 F.2d 1469, 1478 (6th Cir. 1993), and stated it recognized the doctrine "in the exclusive context of cases involving physical abuse," *Choate's Air Conditioning & Heating, Inc. v. Light, Gas & Water Division of the City of Memphis*, 16 F. App'x 323, 329 (6th Cir. 2001). *Cf. EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 862 (6th Cir. 2012) (concluding "that in the context of a discretionary zoning decision, government action will not shock the conscience unless the arbitrary and capricious action touches on a protectable interest."). I agree Nye's threat might "be said to 'shock the conscience' in a colloquial sense." *Kawecki ex rel. Marlowe v. County of Macomb*, Nos. 04-70907, 05-73498, 2008 WL 205241, at *25 (E.D. Mich. Jan. 24, 2008). Nonetheless, "in light of clear Sixth Circuit precedent declining to extend the 'shocks the conscience' standard beyond cases involving physical abuse," I conclude the deprivation Nadeau alleges cannot sustain his substantive due process claim. *Id.* Nye is entitled to judgment on the pleadings pursuant to Rule 12(c).

## C. Equal Protection

Nadeau alleges Nye "wrongfully denied [him] of his right to equal protection under the law as guaranteed by the Fourteenth Amendment" by treating him "differently than others similarly situated, and there is no rational basis for such difference in treatment." (Doc. No. 1 at 7). Nadeau

9

asserts Nye's threat was "retaliatory in nature" and "he was singled out from other tow truck drivers responding to tow truck calls in Henry County, Ohio." (Doc. No. 13 at 14). He argues that while equal protection claims typically involve a class of people, "a violation can give rise to a cause of action for a 'class of one.'" (Id.).

The Equal Protection Clause of the Fourteenth Amendment "is 'essentially a direction that all persons similarly situated should be treated alike.'" *EJS Properties*, 695 F.3d at 864 (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). "Equal protection claims can be brought by a 'class of one,' where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment." *Warren v. City of Athens, Ohio*, 411 F.3d 697, 710 (6th Cir. 2005) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, the Supreme Court concluded that in cases "which by their nature involve discretionary [decision-making] based on a vast array of subjective, individualized assessments[,] . . . allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that . . . state officials [at times] are entrusted to exercise." *Id.* at 603. The Supreme Court noted "[t]his principle applies most clearly in the employment context, for employment decisions are quite often subjective and individualized . . . ." *Id.* at 604; *see also Franks v. Rubitschun*, 312 F. App'x 764, 766 n.3 (6th Cir. 2009) (concluding the Court's reliance in *Engquist* "on the 'crucial difference' between government acting as sovereign and government acting as employer suggests that *Engquist*'s discussion of discretionary [decision-making] should" be limited specifically to the public-employment context).

While Nadeau does not define the group of persons he believes to be similarly situated, only two groups are relevant: (1) tow truck drivers in Henry County, and a subset of the first, (2) tow truck drivers in Henry County who voiced complaints about purported corruption in the Henry County Sheriff's Department. Both groups are easily disposed of under the Court's reasoning in *Olech* and *Engquist*. Tow truck drivers who seek to be included on the Henry County Sheriff's

10

Department rotation list seek employment as contractors. Nadeau does not allege, and there is no reason to presume, that every tow truck driver besides him is on the sheriff's rotation list. Inclusion on the list is discretionary and so the fact that Nadeau wasn't permitted to respond to calls from the Henry County Sheriff's Department does not create an equal protection violation.

Further, "a § 1983 plaintiff's challenge to the lack of a rational basis for an equal protection claim cannot succeed 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Bower v. Village of Mount Sterling*, 44 F. App'x 670, 677 (6th Cir. 2002) (citations omitted). "Those attacking the rationality of a government action under [the] rational basis standard bear the burden 'to negat[e] every conceivable basis which might support it.'" *Id.*

At their base, Nadeau's contentions do not point to an impermissible classification. An individual's personal animosity toward another individual does not implicate the sorts of concerns the Equal Protection Clause has been interpreted to address. Nadeau objects to Nye's threat because his employer allegedly feared the loss of "business by using . . . Nadeau as a wrecker driver on any rotation calls received through the Henry County Sheriff's Department . . . ." (Doc. No. 1 at 4). He complains of the menacing words of an individual, but these are best characterized as allusions to potential future police misconduct. This falls far short of the "discriminatory application of a law neutral on its face." *Charles v. Baesler*, 910 F.2d 1349, 1356 (6th Cir. 1990) (citing *Yick Wo v. Hopkins*, 118 U.S. 356, 373-74 (1886)). Nadeau does not allege Zach's Recycling was removed from the rotation list and so he cannot show Nye administered the rotation policies "with a discriminatory intent or purpose."[2] *Charles*, 910 F.2d at 1356. Nadeau fails to state a claim for violation of his rights under the Equal Protection Clause, and Nye is entitled to judgment on the pleadings pursuant to Rule 12(c).

---

[2] Nadeau, as an employee of Zach's Recycling, cannot reasonably claim he had a right to compete with his employer by being added to the rotation list alongside Zach's Recycling.

11

**D. Tortious interference with an employment relationship**

Nadeau alleges Nye violated Ohio law by "intentionally, improperly and maliciously commit[ing] acts that caused damage to [his] employment relationship with Zack's Recycling . . . ." (Doc. No. 1 at 7). "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed. Appx. 382, 384-85 (6th Cir. 2003)). The basis for federal jurisdiction in this case is 28 U.S.C. § 1331. Because Nadeau's federal claims have been dismissed well before any trial proceedings, I decline to exercise supplemental jurisdiction over his state law claim. Nadeau's claim for tortious interference is dismissed without prejudice.

## CONCLUSION

While I certainly take no pleasure in the outcome, for the reasons stated above, Nye's motion for judgment pursuant to Rule 12(c) is granted as to Nadeau's federal claims. I decline to exercise supplemental jurisdiction over Nadeau's state law claim for tortious interference; that claim is dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge